UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMILLIA PELTON,<br>Plaintiff,<br>v.<br>SAN JOAQUIN COUNTY, et al.,<br>Defendant. | No. 2:26–cv–01264–DC–CKD (PS)<br><u>ORDER</u><br>(ECF Nos. 2, 4, 5, 6) |

Plaintiff Kamillia Pelton is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

**SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). In performing this screening, the court liberally construes a pro se plaintiff's

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in *Lopez*, 203 F.3d 1122 (en banc).

**<u>PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT</u>**

Plaintiff has filed a motion for leave to file a Second Amended Complaint ("SAC"). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. Therefore, Plaintiff's motion for leave is granted and the Court will proceed with screening the SAC pursuant to 28 U.S.C. § 1915(e).

**<u>ALLEGATIONS IN THE SAC</u>**

Plaintiff alleges a string of incidents which occurred between December 2022 and January 2023, concerning Defendant Derrod Taylor: (1) Defendant Taylor allegedly distributed intimate material of Plaintiff without her consent; (2) Defendant Taylor allegedly assaulted Plaintiff while she was pregnant; and (3) Defendant Taylor stole money and personal items from Plaintiff's home. (ECF No. 6 at ¶¶ 27-36.) Plaintiff alleges the response by Stockton Police Department included "no meaningful follow-up" and no "meaningful enforcement action to stop later

escalation occurred." Id. at ¶¶ 28, 33. Plaintiff also alleges that the three incidents were handled in a "fragmented manner that diluted the apparent seriousness of the risk." Id. at ¶ 34. However, Plaintiff alleges she received an emergency protective order following her assault. Id. at ¶ 30. Plaintiff also alleges that in April 2023, Defendant Taylor stole a firearm from her residence. Id. at ¶ 37.

Plaintiff alleges that in Spring 2023, she encountered Defendant Taylor and Defendant Mariah Sisk. Id. at ¶ 41. Plaintiff alleges Defendant Taylor "approached her vehicle in an aggressive manner," and Plaintiff believed "he was on the run from parole." Id. at ¶ 43. Plaintiff alleges Defendant Talyor was not apprehended when the authorities arrived, and that Defendant Sisk "threatened in Plaintiff's presence that they would call Child Protective Services." Id. at ¶ 45.

Plaintiff alleges that subsequent to the Spring 2023 incident, Defendants Taylor and Sisk "devised a plan to obtain a restraining order against Plaintiff in order to deter Plaintiff from continuing to involve police and to further insulate [Defendant] Taylor from consequences…" Id. at ¶ 53. Plaintiff alleges that Defendant Sisk obtained a six-month restraining order against Plaintiff which expired near December 2023. Id. at ¶ 54.

Plaintiff alleges she filed "repeated" reports to Stockton Police Department during this period. Id. at ¶ 60. Plaintiff also alleges that in January 2024, she filed a written complaint against Defendant Parole Officer Cisenbaugh and his supervisor regarding alleged failures in supervision and victim protection in 2023. Id. at ¶ 66.

Plaintiff alleges that in April 2024, she was asked to testify in Stanislaus County Superior Court regarding Defendant Taylor's alleged theft of her firearm. Id. at ¶¶ 67-68. Plaintiff alleges that she was "not offered a criminal protective order," "not guided through the process for a cooperating witness," and "was not offered meaningful victim services or safety planning in connection with her role as a witness." Id. at ¶ 71. Plaintiff alleges that she was not informed that she needed to request such protections. Id. at ¶ 72.

Plaintiff alleges in June 2025, she filed a police report concerning harassment she attributed to Defendant Sisk. Id. at ¶ 83. Plaintiff alleges that Defendant Officer Singh, who

completed the police report, "did not properly classify Plaintiff as the victim, listed Plaintiff only as a reporting party, omitted material conduct, and delayed transmission of the report to the District Attorney for more than two weeks." Id. at ¶ 85.

Plaintiff alleges that she received a restraining order against Defendant Sisk but received a pattern of "false and retaliatory" Child Protective Services, In Home Supportive Services, and housing-related referrals that she attributes to Defendant Sisk. Id. at ¶ 97. Plaintiff also alleges Defendant Sisk acted with her mother Defendant Sharlise Rand by "attacking" a process server hired by Plaintiff. Id. at ¶¶ 99-107.

## DISCUSSION

### A. Plaintiff's Second Amended Complaint

Plaintiff alleges First Amendment retaliation claims against Defendants Derrod Taylor, Mariah Sisk, and Sharlise Rand ("Private Defendants") San Joaquin, Stockton, and Stanislaus Counties, City of Stockton, and City of Lathrop ("Municipal Defendants"), and Defendant Officer Singh. (ECF No. 6 at ¶¶ 140-147.) Plaintiff alleges Fourteenth Amendment substantive and procedural due process claims against Defendants San Joaquin and Stanislaus Counties, City of Lathrop, and Defendant Officer Singh. Id. at ¶¶ 148-154. Plaintiff alleges a Fourteenth Amendment state-created danger claim against Defendants City of Stockton, City of Lathrop, San Joaquin County, Defendant Parole Officer Cisenbaugh, and Defendant Officers Graves, Centella, Azevedo, Toon, and Singh. Id. at ¶¶ 155-161. Plaintiff alleges liability under Monell against the Municipal Defendants. Id. at ¶¶ 162-170. Plaintiff alleges a civil conspiracy to deprive civil rights against the Private Defendants. Id. at ¶¶ 171-177. Last, Plaintiff alleges an intentional infliction of emotional distress claim against the Private Defendants. Id. at ¶¶ 178-182.

1. Plaintiff's 1983 First and Fourteenth Amendment Claims

To state a claim under § 1983, a plaintiff is required to show that (1) each defendant acted under color of state law, and (2) each defendant deprived her of rights secured by the Constitution or laws of the United States. *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997).

A. *Private Defendants*

To prevail on an action under 42 U.S.C. § 1983, a plaintiff must allege the defendant acted

under the color of state law. See Kirtley v. Rainey, 326 F. 3d 1088, 1092 (9th Cir. 2003) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). “While generally not applicable to private parties, a § 1983 action can lie against a private party when ‘he is a willful participant in joint action with the State or its agents.’” Id. (citing Dennis v. Sparks, 449 U.S. 24, 27 (1980)).

“A plaintiff can show joint action [between a private actor and state entity] either ‘by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or by its agents.’” O’Handley v. Weber, 62 F. 4th 1145, 1159 (9th Cir. 2023) (citing Tsao v. Desert Palace, Inc., 698 F. 3d 1128, 1140 (9th Cir. 2012).

The SAC does not plead factual allegations demonstrating conspiracy or willful participation between the Private Defendants and the state defendants. Instead, it only alleges the Private Defendants’ conduct created the First Amendment retaliation violation “to the extent [the state defendants] acted jointly or in concert with the state [defendants].” (ECF No. 6 at ¶ 147.) The Court concludes Plaintiff has failed to plead the joint theory of state action and dismisses the Private Defendants from Plaintiff’s First Amendment Retaliation claim.

B. *Officer Defendants*

“[G]overnment officials performing discretionary functions [are entitled to] a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.” Anderson v. Creighton, 483 U.S. 635, 638 (1987).

Liability in a personal-capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. See id. at 166. “A person ‘subjects’ another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.” Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff alleges constitutional violations against each of the officer defendants in both their official and personal capacities. (ECF No. 6.) While the SAC contains a section titled “Individual Defendant Actions and Omissions,” it groups the conduct of each private, officer, and

municipal defendant together when pleading each cause of action. (ECF No. 6 at ¶¶ 128-139; 140-181.) None of the causes of action describe action taken by an individual defendant, instead, each Officer Defendant's alleged conduct is indistinguishable from that of a municipal or private defendant. Id. at ¶¶ 143, 151, 157. Absent any link to an alleged violation, Plaintiff cannot state a claim under § 1983 against any of the individual Officer Defendants and they are dismissed from the SAC. See Barnett v. Ubimodo, Inc., 2019 WL 3323496, at *2-3 (D. Or. July 24, 2019) ("[A] 'plaintiff fails to state [a] plausible claim when [she] lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct.'") (quotation omitted).

C. *Municipal Defendants*

"[L]ocal-government entities are considered 'persons' under § 1983 and therefore may be liable for causing a constitutional deprivation." See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). However, these entities are only liable "for injuries that arise from an official policy or longstanding custom." Monell, 436 U.S. at 694. To raise a Monell claim, a plaintiff must allege facts in a complaint "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (per curiam) (citations omitted). In addition, a plaintiff must allege facts demonstrating that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

The Second Amended Complaint alleges the following policies gave rise to her constitutional injuries:

> Fragmented handling of related domestic-violence and retaliatory incidents; failure to meaningfully investigate repeated reports; failure to integrate firearm, parole, and domestic-violence information; failure to properly classify victims; failure to route or meaningfully process reports; failure to provide protective guidance to cooperating witnesses; and tolerance of intimidating obstruction of complaint access.

(ECF No. 6 at ¶ 165.) Plaintiff alleges that such policies "were the moving force behind the constitutional violations." Id. at ¶ 169. The Court finds Plaintiff has failed to demonstrate whether

Defendants' alleged policies were the moving force behind her constitutional violations. See Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") Therefore, the Court dismisses all Municipal Defendants for failure to plead Monell liability.

2. Plaintiff's 1983 Conspiracy Claim

"To state a conspiracy claim under § 1983, a plaintiff must show (1) an agreement between the defendants to deprive the plaintiff of a constitutional right, (2) an overt act in furtherance of the conspiracy, and (3) a constitutional deprivation." Davis v. Powell, 901 F. Supp. 2d 1196, 1217 (S.D. Cal. 2012). "A § 1983 conspiracy claim may arise when a private actor conspires with a state actor to deprive a person of a constitutional right under the color of state law." Mau v. City & County of Honolulu, 807 F. Supp. 3d 1169, 1187 (S.D. Cal. 2025).

The Second Amended Complaint raises a 1983 conspiracy claim against the Private Defendants and "any state actors found to have jointly participated in discovery." (ECF No. 6 at ¶ 177.) "To plead a claim of conspiracy under § 1983, [a] plaintiff must allege facts with sufficient particularity to show an agreement or meeting of the minds to violate a plaintiff's constitutional rights." Davis, 901 F. Supp. 2d at 1217.

The Second Amended Complaint alleges that "two or more persons reached an agreement or tacit understanding to engage in conduct designed to isolate, retaliate against, and intimidate Plaintiff and to interfere with her ability to obtain protection and redress." (ECF No. 6 at ¶ 172.) Plaintiff later alleges that "certain Doe state actors knowingly joined or facilitated this course of action by failing to intervene despite knowledge of the retaliatory pattern, by minimizing violations, or by processing Plaintiff's reports in a manner that reinforced the false narrative against Plaintiff." Id. at ¶ 174**.** Plaintiff further alleges a long list of events that constitute an overt act, including "false or misleading reports," "retaliatory restraining order filings," and "threats to involve CPS." Id. at 173. Plaintiff has failed to plead with particularity the existence of a conspiracy between the Private Defendants and any alleged state actor. Instead, the Second Amended Complaint pleads threadbare legal conclusions that do not satisfy pleading standards. See Iqbal, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid

of 'further factual enhancement.'") Therefore, the Court dismisses Plaintiff's 1983 conspiracy cause of action.

3. Plaintiff's State Law Claim

The remaining claim in the SAC is an intentional infliction of emotional distress claim raised against the Private Defendants. (ECF No. 6 at 178-182.) The Court lacks subject matter jurisdiction to evaluate defendants' claim having dismissed all remaining federal claims to this action. See McDaniel v. Hinch, No. 2:17-cv 02448-KJM-CKD (E.D. Cal. July 11, 2018) ("[W]ith no stated claim triggering either diversity or federal question jurisdiction, the complaint is properly subject to dismissal for lack of jurisdiction").

4. Leave to Amend

The SAC must be dismissed, but Plaintiff is granted leave to file a third amended complaint. *See Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "Third Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

**B. Plaintiff's Motion to Appoint Counsel**

Last, Plaintiff has filed a motion to appoint counsel. (ECF No. 4.) It is "well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The Court does not find exceptional circumstances in this case and will deny Plaintiff's motion without prejudice to renewing the request.

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's motion to consider the Second Amended Complaint (ECF No. 5) is

GRANTED;

3. Plaintiff's Second Amended Complaint (ECF No. 6) is DISMISSED with leave to amend;

4. Plaintiff's motion to appoint counsel (ECF No. 4) is DENIED without prejudice; and

5. Plaintiff shall have thirty (30) days to file a third amended complaint. Failure to timely file an amended complaint in compliance with the Court's order will result in a recommendation that this action be dismissed for failure to prosecute.

Dated: August 19, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, pelt.26cv1264